```
                          United States Bankruptcy Court
                           Northern District of Ohio
In re:                                                           Case No. 20-13430-aih
Sharon Hensler                                                   Chapter 13
         Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0647-1         User: athre              Page 1 of 1            Date Rcvd: Jul 29, 2020
                             Form ID: 309I            Total Noticed: 8


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 31, 2020.
db             +Sharon Hensler,    43 Hawthorne Street,    Elyria, OH 44035-4064
26652126        Lake Shore Auto Wholesalers,    1423 Cooper Foster Rd,    Lorain, OH 44052

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty             E-mail/Text: docket@ohbksource.com Jul 29 2020 23:23:13      William J. Balena,
                 Balena Law Firm LLC,    31369 Saint Andrews,    Westlake, OH  44145
tr             +E-mail/Text: number@trust13.com Jul 29 2020 23:24:23     Lauren A. Helbling,
                 200 Public Square Suite 3860,    Cleveland, OH 44114-2322
ust            +E-mail/Text: ustpregion09.cl.ecf@usdoj.gov Jul 29 2020 23:24:00      Cynthia J. Thayer,
                 US Department of Justice,    201 Superior Avenue,    Suite 441,    Cleveland, OH 44114-1234
26652125       +E-mail/PDF: resurgentbknotifications@resurgent.com Jul 29 2020 23:30:36      Cach LLC,
                 4340 South Monaco, 2nd Floor,    Denver, CO 80237-3485
26653489       +EDI: PRA.COM Jul 30 2020 03:03:00     PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
26652127       +E-mail/Text: bncnotices@stengerlaw.com Jul 29 2020 23:23:44      Stenger & Stenger,
                 2618 East Paris Avenue, S.E.,    Grand Rapids, MI 49546-2458
                                                                                               TOTAL: 6

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                     TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 31, 2020                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 28, 2020 at the address(es) listed below:
              Lauren A. Helbling    ch13trustee@ch13cleve.com,    lhelbling13@ecf.epiqsystems.com
              William J. Balena    on behalf of Debtor Sharon  Hensler docket@ohbksource.com,
               janet@ohbksource.com
                                                                                             TOTAL: 2
```

| Information to identify the case: | | | | | |
|---|---|---|---|---|---|
| Debtor 1 | **Sharon** | | **Hensler** | Social Security number or ITIN | xxx–xx–7000 |
| | First Name | Middle Name | Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name | Social Security number or ITIN | _ _ _ _ |
| | | | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Northern District of Ohio** | | | Date case filed for chapter 13 | 7/23/20 |
| Case number: | 20–13430–aih | | | | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Sharon Hensler | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 43 Hawthorne Street<br>Elyria, OH 44035 | |
| 4. | **Debtor's attorney**<br>Name and address | William J. Balena<br>Balena Law Firm LLC<br>31369 Saint Andrews<br>Westlake, OH 44145 | Contact phone (440) 365–2000<br>Email: docket@ohbksource.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Lauren A. Helbling<br>200 Public Square Suite 3860<br>Cleveland, OH 44114–2321 | Contact phone (216) 621–4268<br>Email: ch13trustee@ch13cleve.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at<br>www.pacer.gov<br>www.ohnb.uscourts.gov | United States Bankruptcy Court<br>Howard M. Metzenbaum U.S. Courthouse<br>201 Superior Avenue<br>Cleveland, OH 44114–1235 | Hours open:<br>9:00 AM – 4:00 PM<br>Contact phone 216–615–4300<br>Date: 7/29/20 |

**For more information, see page 2**

| 7. Meeting of creditors<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **September 9, 2020 at 09:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**\*\*\* Valid photo identification required \*\*\***<br>**\*\*\* Proof of Social Security Number required \*\*\*** | **Location:**<br>**341 meeting will be conducted remotely. Please check the docket or with the case trustee for procedures.** |
|---|---|---|
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 11/9/20** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 10/1/20** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 1/19/21** |
| | **Deadline to File an Objection to Confirmation:** | **Filing deadline: 7 days before the confirmation hearing date.** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. Effective February 1, 2019, the Electronic Proof of Claim (ePOC) filing program is available on the court's website for all users to file a Proof of Claim, Amended Proof of Claim, Withdrawal of Claim, and Supplement to a Claim. A login/password is **not** required to use ePOC. Parties not represented by an attorney and registered CM/ECF filers may use this service. Access and instructions for ePOC filing are available in the ECF and Case Info section of the court website at www.ohnb.uscourts.gov. Parties who would like to file a Proof of Claim manually may obtain a Proof of Claim form (Official Form B410) from the Forms page of the United States Court's website at www.uscourts.gov, or at any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. The plan is enclosed. The hearing on confirmation will be held on:<br>**10/22/20** at **01:00 PM** , Location: **H.M. Metzenbaum Courthouse, 201 Superior Avenue, Courtroom #1A, Cleveland, OH 44114** | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |