```
                    United States Bankruptcy Court
                      Northern District of Ohio
```

In re:                                                  Case No. 20-13430-aih
Sharon Hensler                                          Chapter 13
        Debtor
## CERTIFICATE OF NOTICE

```
District/off: 0647-1          User: athre          Page 1 of 1          Date Rcvd: Jul 29, 2020
                              Form ID: pdf700      Total Noticed: 5
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 31, 2020.
db            +Sharon Hensler,   43 Hawthorne Street,   Elyria, OH 44035-4064
26652126       Lake Shore Auto Wholesalers,   1423 Cooper Foster Rd,   Lorain, OH 44052
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
26652125      +E-mail/PDF: resurgentbknotifications@resurgent.com Jul 29 2020 23:31:00     Cach LLC,
               4340 South Monaco, 2nd Floor,   Denver, CO 80237-3485
26653489      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 29 2020 23:30:56
               PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
26652127      +E-mail/Text: bncnotices@stengerlaw.com Jul 29 2020 23:23:44     Stenger & Stenger,
               2618 East Paris Avenue, S.E.,   Grand Rapids, MI 49546-2458
                                                                            TOTAL: 3
```

```
           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                   TOTALS: 0, * 1, ## 0
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

```
Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 31, 2020                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 23, 2020 at the address(es) listed below:
            William J. Balena   on behalf of Debtor Sharon  Hensler docket@ohbksource.com,
             janet@ohbksource.com
                                                                   TOTAL: 1
```

Fill in this information to identify your case:

Debtor 1 ___Sharon___Hensler___

Debtor 2 ___
(Spouse, if filing)

United States Bankruptcy Court for the __Northern District of Ohio__

Case number __

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

_____

Official Form 113

| Chapter 13 Plan | 12/17 |
|---|---|

**Part 1:    Notices**

To Debtor(s):   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

To Creditor(s):   **Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.** If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | | |
|---|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in partial payment or no payment to the secured creditor. | ☐ Included | ☑ Not included | |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not included | |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not included | |

| Part 2: | Plan Payments and Length of Plan |
|---------|----------------------------------|

**2.1    Debtor(s) will make payments to the trustee as follows** :

<u>$304.00</u> per <u>Month</u> for <u>36</u> months

[and $____ per ____ for ____ months.] *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☑ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3    Income tax refunds.**

*Check one*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income tax refunds as follows: See Confirmation Order.

_____

**2.4    Additional payments.**

*Check one:*

☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee specified below. Describe the source, estimated amount, and date of each payment.

_____

**2.5    The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is    <u>$10,944.00</u>.**

| Part 3: | Treatment of Secured Claims |
|---------|------------------------------|

**3.1    Maintenance of payments and cure of default, if any.**

*Check One.*

☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2    Request for valuation of security, payment of fully secured claims, and modification of  under secured claims**. *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check One.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Lake Shore Auto Wholesalers | 2009 Ford Fusion | $6,000.00 | AO 17-2 | $166.67 Disbursed by: ☑ Trustee ☐ Debtor(s) | $6,000.00 |

### 3.4 Lien avoidance.
*Check One.*

☑ **None**. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

### 3.5 Surrender of Collateral.
*Check One.*

☑ **None**. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:** Treatment of Fees and Priority Claims

### 4.1 General
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 9.00% of plan payments; and during the plan term, they are estimated to total $903.63.

### 4.3 Attorney's Fees
The balance of the fees owed to the attorney for the debtor(s) is estimated to be $2,000.00.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.
*Check one.*

☑ **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

[o] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of Creditor | Estimated amount of Claim to be paid |
|---|---|
|  | $ |

## Part 5: Treatment of Nonpriority Unsecured Claims

5.1   Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of <u>$1,490.37</u>.

☑ <u>31.00%</u> of the total amount of these claims, an estimated payment of <u>$1,490.37</u>].

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately  $_____ Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.  *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

5.3   Separately classified nonpriority unsecured claims.  *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

☐ Nonpriority unsecured claims listed below are separately classified and treated as follows:

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases

6.1   The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

☑ **Assumed contracts or leases.**  Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|---|---|---|---|
| John Morgan | Apartment lease | $550.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | $550.00 |

## Part 7: Vesting of Property of the Estate

7.1   Property of the estate will vest in the debtor(s) upon  discharge or closing of the case, whichever occurs

earlier, unless an alternative vesting date is selected below. *Check the applicable box to select an alternative vesting date:*

☑ plan confirmation.

☐ other: _____

## Part 8:  Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☑ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*These plan provisions will be effective only if the applicable box in § 1.3 is checked.*

_____

## Part 9:  Signatures

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

/s/ Sharon Hensler
Signature of Debtor 1
Executed on: 07/23/2020

/s/ William Balena
Signaure of Attorney for Debtor(s)          Executed on: 07/23/2020
**Signature(s) of Debtor(s)**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

**Exhibit: Total Amount of Estimated Trustee Payments**

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | |
|---|---|
| a. Maintenance and cure payments on secured claims (*Part 3, Section 3.1 total*) | $0.00 |
| b. Modified secured claims (*Part 3, Section 3.2 total*) | $0.00 |
| c. Secured claims excluded from 11 U.S.C. § 506 (*Part 3, Section 3.3 total*) | $6,000.00 |
| d. Judicial liens or security interests partially avoided (*Part 3, Section 3.4 total*) | $0.00 |
| e. Fees and priority claims (*Part 4 total*) | $2,903.63 |
| f. Nonpriority unsecured claims (*Part 5, Section 5.1, highest stated amount*) | $1,490.37 |
| g. Maintenance and cure payments on unsecured claims (*Part 5, Section 5.2 total*) | $0.00 |
| h. Separately classified unsecured claims (*Part 5, Section 5.3 total*) | $0.00 |
| i. Trustee payments on executory contracts and unexpired leases (*Part 6, Section 6.1 total*) | $550.00 |
| j. Nonstandard payments (*Part 8, total*) | $0.00 |
| **Total of lines a through j** | $10,944.00 |